# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-7442 PSG (MRW) | Date | February 6, 2020 |
| Title | Trotter v. Harrison | | |

Present: The Honorable **Michael R. Wilner**

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** SECOND ORDER TO SHOW CAUSE RE: DISMISSAL

1. This Court ordered Petitioner to provide a supplemental statement explaining the basis of his federal constitutional challenge to his conviction. (Docket # 4.) He failed to file a timely response. The Court reissued that order in light of Petitioner's inter-prison move. (Docket # 7.) When he failed to respond again, the Court issued an order to show cause to dismiss the action. (Docket # 8.)

2. Petitioner's next filing was a request for a stay of this federal case. (Docket # 9.) The request was wholly inadequate and failed to provide basic information to allow the Court to make a reasoned decision. For that reason, the Court ordered Petitioner to augment his submission. (Docket # 10.) That additional material was due by early January.

3. Petitioner failed to respond to the Court's order. He also failed to respond to the Court's original screening order and the earlier OSC. It is growing clear to the Court that Petitioner has no interest in advancing this case or complying with orders regarding its progress.

4. As before, the Court could properly dismiss the action on the current record. Nevertheless, in the interests of justice, the Court will give Petitioner an opportunity to explain the bases for his defective petition and his paltry stay request. That response will be due by February 28. No extensions will be considered but for good cause demonstrated.

**Failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**